Dismissed and Memorandum Opinion filed October 16, 2003









Dismissed and Memorandum Opinion filed October 16,
2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00946-CR; NO. 14-03-00947-CR;

NO. 14-03-00948-CR; and NO.
14-03-00949-CR

____________

 

VICTOR CORONADO, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 179th District Court

Harris County, Texas

Trial Court Cause Nos. 914,491,
916,132, 916,701 & 916,702

 



 

M E M O R A N D U M   O
P I N I O N

After a plea of guilty without an agreed recommendation as to
punishment, appellant was convicted of four aggravated robbery offenses.  On July 9, 2003, the trial court sentenced
appellant to confinement for twenty-five years in the Institutional Division of
the Texas Department of Criminal Justice, and the court assessed a fine of
$10,000 in each case.  No timely motion
for new trial was filed.  Appellant=s notice of appeal was not filed
until August 26, 2003.








A defendant=s notice of appeal must be filed within thirty days after sentence
is imposed when the defendant has not filed a motion for new trial.  See Tex.
R. App. P. 26.2(a)(1).  A notice of appeal which complies with the
requirements of Rule 26 is essential to vest the court of appeals with
jurisdiction.  Slaton
v. State, 981 S.W.2d 208, 210 (Tex. Crim. App.
1998).  If an appeal is not timely
perfected, a court of appeals does not obtain jurisdiction to address the
merits of the appeal.  Under those
circumstances it can take no action other than to dismiss the appeal.  Id.

On September 19, 2003, notification was transmitted to all
parties of the Court=s intent to dismiss the appeal for want of jurisdiction.  Appellant=s counsel filed a response in which
he asks this Court to grant an out-of time appeal because appellant was not
represented by counsel during the time for filing his notice of appeal.  

A[A] late notice of appeal may be
considered timely so as to invoke a court of appeals= jurisdiction if (1) it is filed
within fifteen days of the last day allowed for filing, (2) a motion for
extension of time is filed in the court of appeals within fifteen days of the
last day allowed for filing the notice of appeal, and (3) the court of appeals
grants the motion for extension of time.@ 
Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim.
App. 1996). Appellant=s notice of appeal was not filed within fifteen days of the
last day allowed for filing, and appellant did not file a timely motion for
extension of time.  This Court has no
jurisdiction to grant an out-of-time appeal. 
Ater v. Eighth Court of Appeals,
802 S.W.2d 241 (Tex. Crim. App. 1991) (out‑of‑time
appeal from final felony conviction may be sought by filing a writ of habeas
corpus with the Court of Criminal Appeals pursuant to article 11.07 of the
Texas Code of Criminal Procedure).

Accordingly, the appeal is ordered dismissed.

PER CURIAM

Judgment rendered and Memorandum
Opinion filed October 16, 2003.

Panel consists of Chief Justice Brister and Justices Anderson and Seymore.

Do Not Publish C Tex. R.
App. P. 47.2(b).